UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ELLA M. MOORE,

**Plaintiff,**

v.                    4:13-cv-228

GEORGIA DEPARTMENT OF CORRECTIONS,

**Defendant.**

## ORDER

## I. INTRODUCTION

Plaintiff Ella M. Moore brings this Title VII action against Defendant Georgia Department of Corrections ("GDOC") alleging gender discrimination and retaliation for filing complaints with the Georgia Commission on Equal Opportunity ("GCEO") and the U.S. Equal Opportunity Commission ("EEOC"). ECF No. 1 at 1. Moore also states that she is entitled to relief for intentional infliction of emotional distress under Georgia law, though she does not include this claim in her causes of action. *Id.* at 1, 7-8.

GDOC has moved for summary judgment on Moore's Title VII claims, arguing that there is no genuine issue as to any material fact raised in Plaintiff's Complaint and that it is entitled to judgment as a matter of law. ECF No. 13-1 at 1. Because the Court agrees with GDOC, it **GRANTS** GDOC's motion for summary judgment.

## II. FACTS

Moore currently is a GDOC employee. ECF No. 1 at 1. Moore began her employment with GDOC in September 2000. ECF Nos. 1 at 3; 13-2 at 1. In 2006, she was transferred to Smith Transitional Center where she worked as a Correctional Officer until going on leave in May 2012. ECF Nos. 1 at 3; 13-2 at 2.

Moore began experiencing problems at work in May 2011. ECF No. 13-2 at 2. On May 24, 2011, Moore's supervisor, Assistant Superintendent Greg Steward, made a comment to an inmate to the effect of, "women should be barefoot, naked and in the kitchen," while in Moore's presence. ECF Nos. 1 at 3; 13-2 at 3. Moore filed an administrative charge with GCEO/EEOC regarding this incident on June 28, 2011, alleging gender discrimination and retaliation. ECF Nos. 13-2 at 3; 13-10 ("Charge 93C"). On October 14, 2011, Moore filed a second administrative charge with GCEO/EEOC, this time for retaliation only, alleging that she had faced adverse treatment at work as a result of filing the earlier discrimination complaint. ECF Nos. 13-2 at 4; 13-15 ("Charge 9C"). Moore filed a third administrative charge with GCEO/EEOC on September 11, 2012, for disability discrimination and retaliation, alleging again that she was subject to retaliation for filing her prior complaints of gender discrimination. ECF Nos. 13-2 at 4; 13-18 ("Charge 102C").

Moore has been on medical leave from GDOC since May 21, 2012. ECF Nos. 1 at 6; 13-2 at 7.

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008). Courts, moreover, may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Reese*, 527 F.3d at 1268 (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The nonmoving party then "may not rest upon the mere allegations or denials of [its] pleading[s], but . . . must set forth specific facts showing that there is a genuine issue for trial." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material only if it might affect the outcome of the suit under governing law. *See Anderson*, 477 U.S. at 248.

## IV. ANALYSIS

GDOC has moved for summary judgment, arguing that: (1) the Court is procedurally barred from hearing Moore's claims predicated on Charge 93C and Charge 9C; and (2) GDOC is entitled to summary judgment on Moore's claims predicated on Charge 102C. ECF No. 13-1 at 7, 10.

### A. Moore's Claims Predicated on Charge 93C Are Procedurally Deficient And The Court May Not Equitably Modify Title VII's Procedural Requirements Here

"Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party *and* receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) (emphasis added). Here, although Moore filed an EEOC complaint for Charge 93C, ECF No. 13-10, Moore has provided no evidence that the EEOC ever issued her a right-to-sue letter.

GDOC argues that because no right-to-sue letter issued on Charge 93C, that alone precludes the Court from hearing claims based on that charge. This argument misses the mark, but on the facts GDOC still carries the day as to Charge 93C.

2

Title VII's time limitation periods are not jurisdictional requirements. The Eleventh Circuit "has held 'that receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification.'" *Wilkerson v. H&S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (quoting *Forehand*, 89 F.3d at 1569-70). Thus, in cases where "[i]t would not be equitable to dismiss plaintiff's claims for failure to exhaust administrative remedies," courts exercising their equitable powers may excuse procedural deficiencies under Title VII. *E.g., Wilson v. Big Lots, Inc.*, 2013 WL 5532712, at *2, 7 (N.D. Ala. Oct. 7, 2013) (allowing plaintiff "an additional ninety (90) days to supplement her complaint by filing a right-to-sue letter from the EEOC"). "[T]he Eleventh Circuit [has] held that the plaintiff bears the burden in arguing for equitable modification." *Ramsay v. Broward Cnty. Sheriff's Office*, 2007 WL 6861073, at *6 (S.D. Fla. May 24, 2007) (citing *Forehand*, 89 F.3d at 1572); *see also Braden v. Piggly Wiggly*, 4 F. Supp. 2d 1357, 1363 (M.D. Ala. 1998) ("The burden is on the plaintiff to show that equitable modification should apply . . . .").

Here, Moore has provided no explanation as to why she has not produced a right-to-sue letter or as to why she is entitled to equitable modification of Title VII's procedural requirements. Where even "the mere allegation of a right to sue letter" is insufficient to carry plaintiff's burden in invoking the equitable powers of the Court, *see Bell v. Ala. Dept. of Corrs.*, 2007 WL 3024572, at *2 (M.D. Ala. Oct. 15, 2007), the Court certainly will not invoke its equitable powers in the absence of a reason to do so.

Accordingly, in light of Moore's failure to respond to GDOC's allegation that procedural deficiencies bar her claims predicated on Charge 93C, summary judgment as to those claims is appropriate. *See id.*

Moore has neither alleged that she has a right-to-sue letter, nor that she has yet to receive a right-to-sue letter for Charge 93C. In circumstances such as these, the proper course for the Court to take is to dismiss the charges predicated on Charge 93C without prejudice to allow time for Moore to receive a right-to-sue letter, if she has not yet received one, or to otherwise provide a right-to-sue letter that is not time barred. *See, e.g., Wilson*, 2013 WL 5532712, at *2.

### B. Moore's Claims Predicated on Charge 9C Are Barred as Untimely and the Court May Not Equitably Toll the Limitations Period Here

Title VII imposes upon claimants certain time limitations. In order to maintain Title VII claims, plaintiffs must file their complaint within ninety days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *see also Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). "Once the defendant contests [the issue of timeliness], the plaintiff bears the burden of establishing that [s]he met the ninety day filing requirement." *Green*, 281 F.3d at 1234.

Here, the EEOC issued a right-to-sue letter on Charge 9C on December 14, 2012. ECF No. 13-16. Moore did not file her

3

complaint in this Court until October 16, 2013. ECF No. 1. The time between issuance of the right-to-sue letter and the filing of this suit vastly exceeds the ninety-day period provided for under Title VII. GDOC argues that, because of this failure to comply with Title VII's procedural requirement, Moore's claims under Charge 9C are not preserved for suit. ECF 13-1 at 9.

However, like failure to receive a right-to-sue letter, failure to comply with the time limitations provided for under Title VII is not an absolute bar on bringing suit. Courts may toll the statute of limitations under Title VII "if it finds that an inequitable event prevented the plaintiff from filing a timely action." *Patel v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 517 F. App'x 750, 753 (11th Cir. 2013). Plaintiffs bear the burden in "establish[ing] that [equitable] tolling is warranted." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). "The Supreme Court has made clear that [equitable] tolling is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Veteran's Admin.*, 498 U.S. 89, 96 (1990)). This Circuit has held that "'traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of *extraordinary circumstances*.'" *Brown v. John Deere Prod., Inc.*, 460 F. App'x 908, 910 (11th Cir. 2013) (emphasis added) (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007)).

Moore has not presented any evidence to counter GDOC's argument that her claims based on Charge 9C are untimely or shown that extraordinary circumstances warrant exercise of the Court's equitable powers to toll the limitation period on those claims. Accordingly, she has failed to meet her burden in establishing the timeliness of her claims based on Charge 9C and summary judgment is warranted in favor of GDOC on those claims. *See Perry v. S. Wine Spirits*, 511 F. App'x 888, 889 (11th Cir. 2013).

### C. Moore's Claims Under Charge 102C Are Limited to Events Occurring After March 15, 2012

The EEOC issued a right-to-sue letter on Charge 102C on July 23, 2013. ECF No. 13-19. Moore filed her complaint in this case on October 16, 2013, five days prior to the running of the ninety-day limit from receipt of the right-to-sue letter. ECF No. 1. Thus, Charge 102C is properly before the Court.

"A plaintiff's complaint 'is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Haugabrook v. Cason*, 518 F. App'x 803, 808 (11th Cir. 2013) (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)). In order to for a discriminatory act to be included within an administrative charge, the charge of discrimination must be timely. "For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Therefore, the only alleged unlawful practices properly before the Court are those "that occurred within 180 days of [Charge 102C]." *See Ledbetter v. Goodyear Tire &*

4

*Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (internal quotation marks omitted).

Moore filed Charge 102C on September 11, 2012. ECF No. 13-18 at 1. Thus, only those alleged unlawful practices occurring after March 15, 2012, are properly before the Court. The GCEO Detailed Investigation Cites for Charge 102C indicates three covered acts: (1) a May 15, 2012 pay reduction; (2) an April 25, 2012 involuntary transfer from Mailroom/Property Officer to Shift/Floor Officer; and (3) a May 16, 2012 instruction to report to Smith State Prison. ECF No. 13-20 at 3-4.

### D. GDOC is Entitled to Summary Judgment on Moore's Retaliation Claim Based on Charge 102C

Moore's Complaint is limited by the scope of Charge 102C, the operative administrative charge, and the EEOC investigation. Charge 102C alleged retaliation and disability as bases of discrimination. ECF No. 12-18 at 3. However, of those two bases, Moore raised only retaliation as a ground for relief in her Complaint. ECF No. 1. Thus, Moore can pursue only the retaliation claim here. *See Thampi v. Manatee Cnty. Bd. of Comm'rs.*, 384 F. App'x 983, 988 (11th Cir. 2010) (finding that a plaintiff could not pursue a retaliation claim because such a claim was not included in its complaints and, therefore, defendant had no notice that plaintiff would be pursuing retaliation-based claims).

"To establish a prima facie case of retaliation under Title VII, [Moore] must show that (1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). GDOC admits that Moore engaged in protected activity in filing an administrative charge. However, it contends that it is entitled to summary judgment, because Moore fails to make out a prima facie case of retaliation. The Court agrees.

Absent direct evidence of unlawful retaliation, the plaintiff may rely on circumstantial evidence to avoid summary judgment utilizing the *McDonnell Douglas* burden-shifting framework. *Adams v. City of Montgomery*, ___ F. App'x ___, 2014 WL 2782013, at *2 (11th Cir. June 20, 2014) (citing *Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010)). Under *McDonnell Douglas*, the plaintiff must first make out a prima facie case of retaliation. *Id.* (citing *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802 (1973)). If she does, the employer then shoulders the burden in articulating some legitimate, nondiscriminatory reason for the challenged decision. *Id.* (citing *McDonnell Douglass Corp.*, 411 U.S. at 802 (1973)). If the employer meets its burden, the plaintiff then must show that the employer's proferred reason was pretext. *Id.* (citing *McDonnell Douglass Corp.*, 411 U.S. at 804). If plaintiff fails to make out its prima facie case or fails to rebut the employer's proffered legitimate reason for its actions, summary judgment is appropriate in favor of the defendant. *Id.* at *3-4.

The causation element of a prima facie retaliation claim "' . . . require[s] proof that

the desire to retaliate was the but-for cause of the challenged employment action.'" *Booth v. Pasco Cnty., Fla.*, 757 F.3d 1198, 1207 (11th Cir. 2014) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, ___ U.S. ___, 133 S. Ct. 2517, 2528 (2013)). As a threshold matter under the causation element, "a plaintiff must generally establish that the employer was actually aware of the protected activity at the time it took the adverse action." *Adams*, 2014 WL 2782013, at *4 (citing *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999)). Once plaintiff establishes the employer's knowledge of the protected activity, she "can meet the causation burden by showing close temporal proximity between the protected activity and the employer's adverse action, but absent more, mere temporal proximity must be 'very close.'" *Id.* (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)).

The Supreme Court has indicated that a three to four month lapse in time between the protected activity and the adverse employment action is "insufficient to show causal connection." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)). Indeed, this Circuit has concluded that "a delay of three to four months is too long, as a matter of law, to prove causation." *Carson v. Metro. Atlanta Rapid Transit Auth.*, ___ F. App'x ___, 2014 WL 3686078, at *5 (July 25, 2014).

Here, Moore's operative administrative charge alleges retaliation and harassment as a result of prior complaints. ECF No. 13-18 at 2. Moore filed her previous administrative charges on July 19, 2011 and on October 14, 2011. ECF Nos. 13-10; 13-15. The earliest alleged unlawful practice that Moore's operative charge covers is her April 25, 2012 transfer from Mailroom/Property Officer to Shift/Floor Officer. ECF No. 13-20 at 3-4.

Without alternative evidence of causation, this period of over six months between the protected activity and the adverse employment action is insufficient, as a matter of law, to meet Moore's burden in establishing a prima facie case of Title VII retaliation. *See Carson*, 2014 WL 3686078, at *5; *Embry v. Callahan Eye Found. Hosp.*, 147 F. App'x 819, 831 (11th Cir. 2005).

Even assuming *arguendo* that Moore has satisfied her burden in pleading a prima facie case of Title VII retaliation, she still cannot survive summary judgment. In Title VII retaliation cases, once the plaintiff establishes a prima facie case the burden shifts to the employer to provide a legitimate non-discriminatory reason for the adverse employment action. *Freeman v. Perdue Farms, Inc.*, 496 F. App'x 920, 926 (11th Cir. 2012).

Here, GDOC has satisfied its burden. GDOC asserts that the reason for the adverse employment actions taken between April and May of 2012 were the result, not of retaliation for Moore's complaints, but of misconduct. ECF Nos. 13-1 at 18. GDOC has presented evidence supporting its position. GDOC has provided a sworn statement from Moore admitting that she lied when asked about missing keys. ECF No. 13-21. It has provided a letter from Warden Stanley Williams to Moore, dated

May 16, 2012, explaining his intent to reduce her salary as a result her making a false statement in violation of Departmental Policy. ECF No. 13-18. Finally, it has provided a Notice of Final Action upholding Moore's salary reduction and transfer to Smith State Prison as appropriate adverse actions for violation of Departmental Policy. ECF No. 13-26.

Once an employer provides a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff may avoid summary judgment only if it provides sufficient evidence of pretext to create a genuine issue of material fact. *See Freeman*, 496 F. App'x at 927. Here, Moore has presented no evidence of pretext. In her untimely Response to Defendant's Motion for Summary Judgment, Moore argues that she has plead a prima facie case of Title VII retaliation and, therefore, her job is done and she need not produce any further evidence to survive the summary judgment stage. ECF No. 16 at 11.[1] Moore simply is wrong. Where a plaintiff fails to rebut an employer's offered legitimate, non-discriminatory reason for a challenged employment action, the employer is entitled to summary judgment. *Adams*, 2014 WL 2782013 at *4.

Accordingly, GDOC is entitled to summary judgment on Moore's Title VII retaliation claims presented under Charge 102C.

---

[1] Moore's Response to Defendant's Motion for Summary Judgment was due August 28, 2014. Moore submitted her Response on September 10, 2014.

### E. Intentional Inflection of Emotional Distress Claim

While Moore does not include intentional infliction of emotional distress as a cause of action in her complaint, she states in her complaint, ECF No. 1 at 1, and again in her untimely response to GDOC's motion for summary judgment, ECF No. 16 at 2, that she is seeking relief under Georgia law for intentional infliction of emotional distress.

Although neither party has addressed Moore's purported Georgia state law intentional infliction of emotional distress claim, the Eleventh Circuit "ha[s] recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). Generally, before dismissing a claim sua sponte, the district court must provide fair procedures and give the plaintiff "notice of its intent to dismiss or an opportunity to respond." *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, the Eleventh Circuit recognizes an exception to this notice requirement "if the complaint is patently frivolous." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). Other Circuits have held "that a trial court may dismiss a claim *sua sponte* without notice 'where the claimant cannot possibly win relief.'" *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (quoting *Omar v. Sea-Land Serv. Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)); *see also Wyatt v. City of Bos.*, 35 F.3d 13, 15 n.1 (1st Cir. 1994) ("[W]here a district court has dismissed a complaint for failure to state a claim sua sponte, and without notice or an

opportunity to be heard, reversal of such a Rule 12(b)(6) dismissal is not mandated if amendment would be futile or if it is patently obvious that the plaintiff could not prevail.").

For such dismissal to be proper in the Eleventh Circuit it must be "patently obvious, given the legal and factual inadequacies of the complaint, that [the Plaintiff] could not prevail." *Byrne v. Nezhat*, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001) (citing *Wyatt*, 35 F.3d at 15 n.1), *abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 533 U.S. 639 (2008). To be sure, as the First Circuit has put it, "[s]ua sponte dismissals are strong medicine, and thus should be dispensed sparingly." *Garayalde v. Mun. of Carolina*, 747 F.3d 15, 22 (1st Cir. 2014) (citation omitted).

Despite the exceedingly low bar a complaint must fall below to be subject to sua sponte dismissal, the Court finds that Moore's nakedly asserted intentional infliction of emotional distress claim warrants sua sponte dismissal without notice under the exception for patently frivolous claims.

In order to prevail on a claim of intentional infliction of emotional distress in Georgia, the plaintiff must show that: "'(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.'" *Racette v. Bank of Am., N.A.*, 733 S.E.2d 457, 465 (Ga. Ct. App. 2012) (quoting *Frank v. Fleet Fin., Inc. of Ga.*, 518 S.E.2d 717, 720 (Ga. Ct. App. 1999)). "[T]he burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one." *Cumberland Contractors, Inc. v. State Bank & Trust Co.*, 755 S.E.2d 511, 518 (Ga. Ct. App. 2014).

Even assuming that all of the actions alleged in Moore's complaint happened and they constitute intentional or reckless conduct that caused emotional distress and that the emotional distress was severe, Moore still could not prevail on her intentional infliction of emotional distress claim. The actions that form the basis of Moore's complaint are various employment decisions—transfers, reassignments, and pay reductions—and disrespectful, offensive comments. ECF No. 1 at 3-6. These actions plainly cannot support a claim for relief for intentional infliction of emotional distress under Georgia law.

To be actionable as intentional infliction of emotional distress in Georgia, "'[t]he defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Racette*, 733 S.E.2d at 465 (quoting *Frank*, 518 S.E.2d at 720). "'Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.'" *Thompson-El v. Bank of Am., N.A.*, 759 S.E.2d 49, 52 (Ga. Ct. App. 2014) (quoting *Blue view Corp. v. Bell*, 679 S.E.2d 739, 741 (Ga. Ct. App. 2009)). Frankly, establishing that conduct is extreme and outrageous under Georgia law is no small feat. *Thornton v. Jackson*, 998 F. Supp. 2d 1365, 2014 WL

702357, *15 (N.D. Ga. Feb. 21, 2014). Georgia courts have found that it is not "'enough that the defendant has acted with an intent which is tortious or even criminal, or that he has *intended* to inflict emotional distress, or even that his conduct has been characterized by *malice*, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.'" *Northside Hosp., Inc. v. Ruotanen*, 541 S.E.2d 66, 69 (Ga. Ct. App. 2000) (emphasis added) (quoting *Phinazee v. Interstate Nationalease*, 514 S.E.2d 843, 845 (Ga. Ct. App. 1999)).

Clearly the adverse employment actions that Moore suffered do not constitute grounds for intentional infliction of emotional distress liability in Georgia. While Moore claims those actions violated Title VII, such actions are not criminal or even tortious, let alone utterly intolerable in a civilized community. Similarly, claims regarding disrespectful and offensive comments made in her presence do not rise to the level of actionable conduct for purposes of intentional infliction of emotional distress. Under Georgia law, alleged rude conduct simply is not actionable. *See Johnson v. Allen*, 613 S.E.2d 657, 661 (Ga. Ct. App. 2005).

Moore has had ample opportunity to come forth with instances of conduct that could form a basis for her claim of intentional infliction of emotional distress. She failed to lay out intentional emotional distress, and the facts supporting it, as a cause of action in her Complaint. Even in her untimely response to GDOC's motion for summary judgment, Moore alleged no new instances of conduct to support such a claim but merely repeated the facts and allegations set forth in her Complaint.

Accordingly, the Court finds it is patently obvious that Moore cannot succeed on the merits of her Georgia state law intentional infliction of emotional distress claim and finds that granting Moore an opportunity to amend her complaint would be futile and subject GDOC to needless costs in responding.

Therefore, the Court finds it proper to dismiss Moore's Georgia state law intentional infliction of emotional distress claim with prejudice.

## V. CONCLUSION

The Court concludes that GDOC is entitled to summary judgment on Moore's Title VII claims and, therefore, **GRANTS** GDOC's motion for summary judgment.

Moore's sexual discrimination and retaliation claims based on Charge 93C are **DISMISSED WITHOUT PREJUDICE** to allow her the opportunity to produce a right-to-sue letter that is not time barred. Moore's retaliation claims based on Charge 9C are **DISSMISSED WITH PREJUDICE** as untimely. Additionally, the Court has determined that Moore's Georgia state law intentional infliction of emotion distress claim is patently without merit and it is therefore **DISMISSED WITH PREJUDICE.**

This *15* day of September 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9